**J. H. ASHER, Appellant,**

**v.**

**Anna Lee RADER et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 10, 1967.

Roy W. House, Manchester, for appellant.

D. G. Boleyn, Hazard, for appellees.

CULLEN, Commissioner.

Eugene Asher, who held record title to a tract of land and lived in the residence on the tract, conveyed it to the appellee Anna Lee Rader for a consideration of $6,000. Thereafter the appellant J. H. Asher, father of Eugene, asserted that he was the true owner, holding under an *unrecorded* deed from Eugene's grantor which predated Eugene's deed. J. H. offered to pay to Anna Lee the amount of her purchase price and the sums she had expended for improvements, in return for a conveyance of the land to him, but she rejected the offer. J. H. then brought the instant action seeking to recover the land, asserting that Anna Lee (1) had constructive notice of his title, (2) had actual notice of his title, and (3) was not a purchaser for *value*. The trial court entered judgment denying relief and J. H. has appealed.

■ The claim that Anna Lee had constructive notice of J. H.'s title is based on the fact that at the time of, and for a substantial period of time prior to, the conveyance by Eugene to Anna Lee, various materials and equipment owned by J. H. were stored or kept on the premises. J. H. argues that this should have put Anna Lee on notice that he was in "possession." The trouble is that Eugene, who held record title, was *living* on the premises and was, from all appearances and in fact, in possession. Any use of the premises by J. H., he being Eugene's father, was to an observer perfectly compatible with Eugene's ownership and was not calculated to give notice of any claim of ownership by J. H. We find no merit in the claim of constructive notice.

■ The claim of actual notice rests upon testimony of a witness that he overheard a conversation between Eugene and Anna Lee, before she bought the land, in which Eugene told Anna Lee that his father had an unrecorded deed to the land, predating Eugene's deed. The conversation was denied by Eugene and Anna Lee, creating an issue of fact which the trial court resolved against J. H. The finding was not clearly erroneous.

■ The claim that Anna Lee was not a purchaser for *value* arises out of the fact that she paid only $6,000 for the property whereas there was evidence that the property was worth from $12,000 to $14,000. However, there was evidence also that $6,000 was a fair price. The savings and loan association which helped Anna Lee finance the purchase would not lend more than $4,000 on the security of the land. Here again there was a simple fact issue which the trial court was entitled to, and did, resolve against J. H. (We do not mean to suggest that a purchaser must pay full price in order to be a bona fide purchaser for value. See 77 C.J.S. Sales § 290 c, p. 1099.)

The judgment is affirmed.

All concur.